UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT R. SNYDER, CDCR #AC9136,<br><br>                             Plaintiff,<br>vs.<br><br>A. RAMOS; UBANO; COWART; BANUELOS; WARDEN,<br><br>                           Defendants. | Case No.: 22-cv-432-MMA (WVG)<br><br>**ORDER GRANTING REQUEST FOR RELIEF FROM S.D. CAL. GENERAL ORDER 653A**<br><br>[Doc. No. 7] |

    On March 30, 2022, Robert R. Snyder ("Plaintiff"), a California state inmate at Richard J. Donovan Correctional Facility ("RJD") submitted for filing a civil rights complaint pursuant to 42 U.S.C. § 1983. *See* Doc. No. 1. However, because Plaintiff mailed his Complaint to the Court, his pleading was stricken for failure to submit the Complaint in accordance with General Order 653A. *See* Doc. No. 3. The Discrepancy Order granted Plaintiff forty-five (45) days leave to re-submit the Complaint, and any other initial case filings, by e-filing them. *See id.*

    On April 7, 2022, Plaintiff paid the $402 filing fee. *See* Doc. No. 4. Thereafter, Plaintiff submitted a Proposed Summons. *See* Doc. No. 5. The Court rejected the filing and explained that no summons can issue without a complaint on file. *See* Doc. No. 6.

The Court again granted Plaintiff forty-five (45) days leave to properly e-file his Complaint. *See id.*

On June 24, 2022, Plaintiff filed a Request for Judicial Notice. *See* Doc. No. 7. According to his filing, Plaintiff attempted to e-file his Complaint on April 12, 2022 following receipt of the Court's first Discrepancy Order. *See* Doc. No. 7 at 2. The Court treats his filing as a request for relief from General Order 653A.

General Order 653A, issued by the Judges of this Court on June 20, 2018, sets out the procedures whereby the U.S. District Court for the Southern District of California, in conjunction with the California Department of Corrections and Rehabilitation ("CDCR"), adopted a pilot program at RJD, along with Calipatria and Centinela State Prisons, which requires prisoners incarcerated there who wish to file § 1983 actions *in forma pauperis* to submit their initial filings electronically with the Clerk of the Court. Any initial documents subject to General Order 653A that are received by the Clerk, but which are not in conformance with General Order 653, are "accepted by the Clerk of Court for filing and docketed, but may be stricken by Court order as authorized by Local Civil Rule 83.1." *See* S.D. Cal. Gen. Order 653A ¶ 2.

Pro se litigants are generally bound to comply with the Court's Local Rules and any order of the Court. *See* S.D. Cal. CivLR 83.11.a ("Any person appearing propria persona is bound by these rules of court and by the Fed. R. Civ. P. or Fed. R. Crim. P. as appropriate."); *see also* S.D. Cal. CivLR 83.1.a ("Failure of counsel or of any party to comply with these rules, with the Federal Rules of Civil or Criminal Procedure, or with any order of the court" may result in sanctions, including dismissal); *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) ("Pro se litigants must follow the same rules of procedure that govern other litigants.") (quoting *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa County*, 693 F.3d 896, 925 (9th Cir. 2012)); *Smith v. Frank*, 923 F.3d 139, 142 (9th Cir. 1991) ("For violations of the local rules, sanctions may be imposed including, in appropriate cases, striking the offending pleading.").

However, "district courts have broad discretion in interpreting and applying their local rules," *Simmons v. Navajo Cty.*, 609 F.3d 1011, 1017 (9th Cir. 2010) (internal quotation and citation omitted), and courts are to construe the pleadings of *pro se* litigants in civil rights cases liberally, affording them the benefit of doubt. *See Karim-Panahi v. L.A. Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988); *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). "When a party fails to comply with [a] Local Rule […], the court can, in its discretion, refuse to consider the motion." *Carmax Auto Superstores Cal. Ltd. Liab. Co. v. Hernandez*, 94 F. Supp. 3d 1078, 1087 (C.D. Cal. 2015) (internal citations omitted). "Failure to comply with the Local Rules does not automatically require the denial of a party's motion, however, particularly where the non-moving party has suffered no apparent prejudice as a result of the failure to comply." *Id.* (internal citations omitted); *Mazal Grp., LLC v. Espana*, No. 217CV05856RSWLKS, 2017 WL 6001721, at *2 (C.D. Cal. Dec. 4, 2017).

Here, Plaintiff seeks leave to file his civil rights complaint pursuant to 42 U.S.C. § 1983 by mail, and to be excused from compliance with General Order 653A, based upon the allegation that the librarian at RJD did not duly submit his Complaint for e-filing. Doc. No. 7 at 2 ¶ 2. In support of his position, Plaintiff attaches the first page of his Complaint, stamped as submitted for e-filing on April 12, 2022, Doc. No. 7 at 5, as well as a CDCR Civil Cover Sheet, stamped as submitted for e-filing on June 10, 2022, *id.* at 6. The Court did not receive either of these submissions. *See* Docket.

Plaintiff has a constitutional right of access to the courts, and prison officials may not actively interfere with his right to file a direct criminal appeal, habeas petition, or civil rights action. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996); *Silva v. Di Vittorio*, 658 F.3d 1090, 1101–02 (9th Cir. 2011). Indeed, while General Order 653A was adopted in part to assist prisoners in the exercise of this right, *see* S.D. Cal. Gen. Order 653A ("This pilot program is designed to reduce the cost and delay in processing court filings in civil rights cases brought by incarcerated plaintiffs under 42 U.S.C. § 1983."), and the Court has filed dozens of RJD prisoners' § 1983 complaints electronically pursuant to

General Order 653 since its adoption, any prisoner subject to General Order 653A may file a motion seeking relief from its requirements, so long as she demonstrates good cause. *See* S.D. Cal. Gen. Order 653A ¶¶ 2, 5, 6; *see also* Fed. R. Civ. P. 5(d)(4) ("A clerk must not refuse to file a paper solely because it is not in the form prescribed by these rules or by a local rule or practice.").

Plaintiff has demonstrated good cause: he evidently attempted to properly e-file his Complaint prior to paying the civil filing fee. Accordingly, the Court **GRANTS** Plaintiff's request and **RELIEVES** him from General Order 653A. The Court further **DIRECTS** the Clerk of Court to file his Complaint as of the date of this Order. Because Plaintiff has paid the full civil filing fee, *see* Doc. No. 4, the case will now proceed to screening pursuant to 28 U.S.C. § 1915A.

**IT IS SO ORDERED**.

Dated: June 28, 2022

HON. MICHAEL M. ANELLO
United States District Judge