UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT R. SNYDER, CDCR #AC-9136,<br><br>                              Plaintiff,<br><br>   vs.<br><br>KATHLEEN ALLISON and RAYMOND MADDEN,<br><br>                              Defendants. | Case No.:  22-cv-432-MMA (WVG)<br><br>**ORDER SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915A** |

Plaintiff Robert R. Snyder, a state prisoner confined at the R. J. Donovan Correctional Facility ("RJD") in San Diego, California at the time of filing, but since transferred to the California Substance Abuse Treatment Facility in Corcoran, California, proceeding *pro se*, has paid the civil filing fee and filed a civil rights Complaint pursuant to 42 U.S.C. § 1983.  Doc. Nos. 1, 4.

## I. SCREENING PURSUANT TO 28 U.S.C. § 1915A

**A.    Standard of Review**

Because Plaintiff is a prisoner, his Complaint requires a pre-Answer screening. *See* 28 U.S.C. § 1915A(a) ("The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a

prisoner seeks redress from a government entity or officer or employee of a governmental entity.") Under that statute, the Court must sua sponte dismiss a prisoner's complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

The standard for determining whether a prisoner has failed to state a claim upon which relief can be granted under § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

**B.   Allegations in the Complaint**

Plaintiff alleges he has been incarcerated by the California Department of Corrections and Rehabilitation ("CDCR") for the past 16 years, during which he has lived in 6 different prisons in 80 different cells with 60 different cellmates. Doc. No. 9 at 2-3. He states that:

> The basic issue was first exhausted in 2011 when Plaintiff was at Salinas Valley, after 2 violent encounters with cellies where they became angry when he refused their sexual advances. The second CDCR 602 was rejected as a 'duplicate.' That basically chilled his attempts to furthermore utilize the internal grievance procedures until more attacks happened in 2015 at CDC-East. After each fight, officials would omit from their reports [Plaintiff]'s complaints regarding sexual innuendos being the cause of the quarrel; as well [as] his pleas for protection.

*Id.* at 4.

Plaintiff alleges that as a result of the lack of a workable policy by the CDCR to

avoid placing incompatible inmates in the same cell he has sustained numerous injuries arising from dozens of physical altercations with cellmates. *Id*. at 3. He has been able to document only 9 of those instances due to "crowding related staff shortages; limited visibility due to inexpensive design of physical plant; pervasive negligence, etc." *Id*.

Plaintiff alleges that the CDCR's policy of double-celling inmates has resulted in a daily struggle to survive and has interfered with the personal lives, health and education of the inmates. *Id*. at 5. The policy also results in a constant threat to Plaintiff of disciplinary segregation with loss of personal property arising from voicing his concerns, as refusing a cellmate is considered a very serious offense by the CDCR. *Id*. Plaintiff states that he is required to purchase healthcare products from CDCR vendors to remain healthy, and those products are not available in administrative segregation where he would feel safer but where outside exercise and fresh air are not available. *Id*. at 5-6.

Plaintiff alleges that he "has notified CDCR both regionally and locally (CDCR Headquarters and his current location: RJD) that being indefinitely subjected to their extreme double-cell expectation, represents an unacceptable risk to his health and safety; because of the exact nature of [his] current mental and physical ailments." *Id*. at 8. "Despite these notices-including having exhausted both administrative and state legal remedies-CDCR and its officers have ignored his pleas for protection from this outstanding risk. RJD has twice discarded an urgent grievance alleging misconduct by their housing authority." *Id*. at 9.

Plaintiff claims that the CDCR's policy of double-celling inmates violates his Eighth Amendment right to be free from cruel and unusual punishment. *Id*. at 8. He seeks declaratory relief and "any and all other forms of relief necessary to remedy the violations of Federal law." *Id*. at 9.

**C.     Analysis**

To the extent Plaintiff claims that double-celling itself constitutes an Eighth Amendment violation, he has failed to state a claim because prisoners do not have an Eighth Amendment right to be housed in a single cell. *See Rhodes v. Chapman*, 452 U.S.

337, 347-48 (1981) (double-celling does not violate Eighth Amendment unless it amounts to the unnecessary and wanton infliction of pain); *Whitley v. Albers*, 475 U.S. 312, 319 (1986) ("After incarceration, only the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment.")  "The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (the Eighth Amendment's prohibition against cruel and unusual punishment imposes a duty on prison officials to "provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'") (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)).  "Because routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation."  *Hudson v. McMillian*, 503 U.S. 1, 9 (1992), quoting *Rhodes*, 452 U.S. at 347 and *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).

"[A] prison official violates the Eighth Amendment only when two requirements are met.  First, the deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer*, 511 U.S. at 834, quoting *Wilson*, 501 U.S. at 298.  Second, Plaintiff must allege the prison official he seeks to hold liable had a "sufficiently culpable state of mind," that is, "one of 'deliberate indifference' to inmate health or safety." *Id.,* quoting *Wilson*, 501 U.S. at 302-03.  A prison official can be held liable only if he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Plaintiff names only two Defendants in his Complaint, the Secretary of the CDCR Kathleen Allison and the Warden of RJD Raymond Madden.  There are no specific allegations against either Defendant, merely that: "Over the years and through many forms" he "has notified CDCR both regionally and locally (CDCR Headquarters and his

current location: RJD) that being indefinitely subjected to their extreme double-cell expectation, represents an unacceptable risk to his health and safety; because of the exact nature of [Plaintiff]'s current mental and physical ailments." Doc. No. 1 at 8. Plaintiff states that he "is a somewhat effeminate male and this is partly because he is 40 pounds overweight. This places him at a very significant, physical-disadvantage inside a cell where a decade long marathon of various muscular and/or larger strangers have been forced inside his cell; being done against his objection." *Id*. at 3. Plaintiff states he has "numerous documented conditions including frequent urination" which require him to purchase "health products" which are not available in administrative segregation, placement in which is the only option to avoid being double-celled, and which increases the risk to his health by the lack of access to the health products and outdoor exercise. *Id*. at 5–6. However, the only specific instances he identifies in the Complaint which he alleges violated his Eighth Amendment rights occurred in 2011 at Salinas Valley State Prison in the Northern District of California and in 2014 at the California Men's Colony in the Eastern District of California. *Id*. at 4.

As currently pleaded, none of the events or omissions giving rise to Plaintiff's Eighth Amendment claim, other than the allegation he was double-celled while housed at RJD, are alleged to have occurred in either San Diego or Imperial County, and no Defendant who is alleged to have violated his Eighth Amendment rights on any specific occasion are alleged to reside here. *See* 28 U.S.C. § 84(d) ("The Southern District of California comprises the counties of Imperial and San Diego."). Thus, as currently drafted, venue is proper in the Southern District of California only with respect to Plaintiff's claim that being double-celled at RJD pursuant to the CDCR policy of double-celling inmates violates the Eighth Amendment. *See* 28 U.S.C. § 1391(b); *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986) (a civil action "may be brought only in the judicial district where all defendants reside, or in which the claim arose.")

To the extent Plaintiff is seeking to hold Defendants Secretary Allison and Warden Madden liable for being double-celled at RJD, Plaintiff has failed to identify any adverse

effect of being double-celled at RJD.  Thus, as currently pleaded, there are no factual allegations in the Complaint which, if proven true, would establish that Defendants Allison or Madden, in conscious disregard to an excessive risk to Plaintiff's health or safety arising from double-celling, were aware Plaintiff was subjected to objectively grave deprivations of humane conditions of confinement at RJD, and what actions they took, or were required to take but failed to take, which plausibly allege they deliberately disregarded such a risk.  Rather, Plaintiff merely alleges these Defendants were or should have been aware that he disagreed with the policy of the CDCR of double-celling inmates and that he had a long history of altercations with cellmates as a result of that policy. There are no allegations that either Defendant was aware of a specific risk of harm to Plaintiff on any specific occasion at RJD.  *See Farmer*, 511 U.S. at 837 (the prison official must "be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists [and] must also draw the inference").

If Plaintiff wishes to proceed with an Eighth Amendment claim against Defendants Allison or Madden he must plausibly allege that they knew of and deliberately disregarded a serious risk to his health or safety from being double-celled, or that their failure to intervene caused or was necessary to prevent a constitutional violation.  This is because supervisory liability is not an independent cause of action under § 1983, and in order to state a § 1983 claim against supervisory personnel Plaintiff must allege both an underlying constitutional violation and a connection between the supervisor's actions and the violation.  *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) ("A defendant may be held liable as a supervisor under § 1983 'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'"), (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."

*Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978); *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation.") (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71, 375–77 (1976)).

Neither does the Complaint plausibly allege that the double-celling policy itself is defective or incapable of being applied in a manner which does not deprive inmates of humane conditions of confinement. *See Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013) ("[S]upervisory liability exists even without overt personal participation in the offensive act if supervisory officials implemented a policy so deficient that the policy itself is a repudiation of constitutional right and is the moving force of a constitutional violation."). The Complaint does not plausibly allege the CDCR policy of double-celling inmates itself is a repudiation of a constitutional right because, as noted above, double-celling itself does not violate Eighth Amendment unless it amounts to the unnecessary and wanton infliction of pain. *Rhodes*, 452 U.S. at 347–48; *see also Doty v. County of Lassen*, 37 F.3d 540, 541 n.1 (9th Cir. 1994) ("While overcrowding itself is not a violation of the Eighth Amendment, overcrowding can, under certain circumstances, cause effects, e.g., unsanitary conditions or high levels of violence, that violate the Eighth Amendment."); *Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 471 (9th Cir. 1989) ("Technically, it may be said that the prison is 50% 'overcrowded,' but this fact has no constitutional significance standing alone. Only when overcrowding is combined with other factors such as violence or inadequate staffing does overcrowding rise to an eighth amendment violation.") (internal citation omitted). To the extent Plaintiff intended to include such allegations in his Complaint, *see* Doc. No. 1 at 9 ("CDCR and its officers have ignored his pleas for protection from this outstanding risk. RJD has twice discarded an urgent grievance alleging misconduct by their housing authority."), the allegations are impermissibly conclusory because there are no factual allegations identifying any adverse effect of double-celling he was subjected to at RJD. *See Iqbal*, 556 U.S. 662, 678 (2009)

(a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face' [and] threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

Accordingly, the Court *sua sponte* dismisses the Eighth Amendment claim in the Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915A. *Wilhelm*, 680 F.3d at 1121; *Iqbal*, 556 U.S. at 678; *Farmer*, 511 U.S. at 837.

**D.   Leave to Amend**

In light of his *pro se* status, the Court grants Plaintiff leave to amend to attempt to address the pleading deficiencies identified in this Order. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'"), quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

## II. CONCLUSION

Good cause appearing, the Court **DISMISSES** all claims in Plaintiff's Complaint against all Defendants without prejudice and with leave to amend pursuant to 28 U.S.C. § 1915A(b). The Court **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file a First Amended Complaint that cures the deficiencies of pleading noted in this Order. Plaintiff's First Amended Complaint must be complete by itself without reference to any previous version of his Complaint. Any Defendants not re-named and any claims not re-alleged in the First Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.") If Plaintiff fails to timely amend, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915A and his

failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

Dated: August 23, 2022

HON. MICHAEL M. ANELLO
United States District Judge