UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT R. SNYDER,<br>CDCR #AC-9136,<br><br>                              Plaintiff,<br><br>vs.<br><br>KATHLEEN ALLISON and RAYMOND MADDEN,<br><br>                              Defendants. | Case No.:  22-cv-432-MMA (WVG)<br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILURE TO STATE A CLAIM AND FAILURE TO PROSECUTE** |

On June 28, 2022, Plaintiff Robert R. Snyder, a state prisoner confined at the R. J. Donovan Correctional Facility in San Diego, California, proceeding *pro se*, filed a civil rights action pursuant to 42 U.S.C. § 1983.  Doc. No. 9.  On August 23, 2022, the Court dismissed the Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915A(b), which requires a court to *sua sponte* dismiss a prisoner's complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune.  Doc. No. 11.

Plaintiff was informed of the pleading deficiencies of his Complaint and granted leave to file an amended complaint on or before October 7, 2022.  *Id*. at 3–8.  He was informed that if he failed to timely amend, the Court would enter a final judgment of dismissal based on his failure to state a claim and his failure to prosecute in compliance

with the court order requiring amendment. *Id*. at 8–9 (citing *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.")).

On September 23, 2022, Plaintiff filed a petition for a writ of mandamus in the Ninth Circuit Court of Appeals challenging this Court's screening order. Doc. No. 12. The Ninth Circuit denied the mandamus petition on October 19, 2022. Doc. No. 13. Two letters sent from this Court to Petitioner providing him with copies of the Ninth Circuit Case Opening Packet and the Ninth Circuit order denying the mandamus petition were returned to this Court on November 9, 2022 and November 10, 2022, marked: "Out to Court" and "Return to sender, refused, unable to forward." Doc. Nos. 14–15.

The deadline to amend has passed and Plaintiff has not filed an amended complaint or sought an extension of time to do so and has failed to keep the Court advised of his current address. This Court has discretion to *sua sponte* dismiss a case for lack of prosecution or failure to comply with a court order. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *see also* Fed. R. Civ. P. 41(b) (providing for involuntary dismissal for failure to prosecute or comply with the federal rules or court order). "The failure of the plaintiff eventually to respond to the court's ultimatum–either by amending the complaint or by indicating to the court that [he] will not do so–is properly met with the sanction of a Rule 41(b) dismissal." *Edwards v. Marin Park*, 356 F.3d 1058, 1065 (9th Cir. 2004).

"In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992)). Because the Court has informed Plaintiff of his

need to timely amend but he has failed to do so, factors one, two and four weigh in favor of dismissal. *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal."); *Pagtalunan*, 291 F.3d at 642 ("The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest."); *Nevijel v. North Coast Life Insurance Co.*, 651 F.2d 671, 674 (9th Cir. 1981) (a court is not required to exhaust all alternatives prior to dismissal).  Factor five does not weigh against dismissal.  *See In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) (the public policy favoring disposition on the merits does not weigh against dismissal where plaintiff's "conduct impedes progress in that direction").  Only factor three does not weigh in favor of dismissal.  *See Pagtalunan*, 291 F.3d at 642 (where defendants have not appeared, "[w]e have previously recognized that pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal").

Weighing these factors, the Court finds entry of a final judgment of dismissal is appropriate. *See Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) ("We may affirm a dismissal where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal.") (internal citation omitted) (quoting *Ferdik*, 963 F.2d at 1263).

Accordingly, the Court **DISMISSES** this civil action without prejudice based on Plaintiff's failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b), and for failure to prosecute by failing to file an amended complaint as required by the Court's August 23, 2022, Order.  The Court **DIRECTS** the Clerk of Court to enter a final judgment of dismissal and close the file.

**IT IS SO ORDERED**.

Dated:  December 16, 2022

HON. MICHAEL M. ANELLO
United States District Judge